**E-FILED**
Friday, 11 February, 2011  11:50:18 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

## 100 Ne Monroe Street  ||1057

## Peoria, Illinois

| | |
|---|---|
| Donna J Gaston _Plaintiff- Appellant | Case No 03-CH-60 |
| 704 South Evans Street | 11th Judicial Court |
| Bloomington, Illinois 61701 | Bloomington, Illinois |
| Vs. | |
| National City Mortgage Company | Case No |
| As successor of Bank of Illinois/ | 4th Court of Appeals |
| Michigan | Springfield, Illinois |

ARGUMENT;

At issue, Defendant Gaston filed a 735-ILCS-2-1402 because:

The National City Mortgage Company filed a Complaint of Foreclosure

against the Defendant, Donna j Gaston.  The Complaint of Foreclosure

consisted of a single line: Item J; "Failure to pay the October 2, 2002

1

mortgage payment and the payments thereafter." Defendant Gaston proved she had paid all of the monies in question for that period of time. (October 2002 through March 2003). The Plaintiffs began to **verbally change the reason for their Complaint of Foreclosure without following the Federal Rules of Civil Procedure.** The Plaintiffs continuously verbally changed the reason for the reason for the Complaint of Foreclosure. Finally, the Plaintiffs alleged, "the Mortgage Company ran an Escrow Analysis on October 2, 2002 and we were told and we believe that Escrow Analysis gave the Mortgage Company the right to change the mortgage the mortgage payment beginning October 1, 2002."

The Plaintiffs blatantly and fraudulently claimed the Escrow Analysis gave them the right to change the Mortgage payment. The Mortgage payment change is contingent, as stipulated in the Mortgage Contracts, upon the Index. The Index that is used is the Index figures for December of each year. The Index figures would not be available until December 2002, which was not available on October 2, 2002 and would not be available for two months after the Escrow Analysis was done. The actual date of the Index

that was used is reflected on Official Payment Change Notification which is included in the appendix.

The Escrow Analysis Document that the Plaintiffs provided was and is fraudulent.  It does not agree with the figures that were posted on the Customer Activity Sheet for the time period of March 1, 2002 through September 2002.  It does not match the dollar amount on the true and correct Escrow Analysis for that period of time.  The fake Escrow Analysis does not have a 25 day prior change of payment notice as required by Federal Law and the Contracts which govern the life of the Mortgage.

Changing the payment on October 1, 2002 violated Federal Law 12 CFR 226.20(c) and RESPA 3500.17 which both are established Federal laws that the Mortgage Company and the mortgage payee are bound.  The Plaintiffs violated Federal Law by changing Defendant Gaston's mortgage payment on October 1, 2002.

**The Attorneys for National City Mortgage Company committed fraud by submitting a blatantly fraudulent Escrow Analysis to the Court as their only evidence, which the Attorneys claimed gave them the right to change the mortgage payment on October 2, 2002.**

There are two copies of Escrow Analysis that have the date October 2, 2002 for the date the Escrow Analysis were prepared.  One is a legitimate and

legal copy of the true and exact copy of the Escrow Analysis for 2002 and is submitted by Defendant Donna Gaston..

**The true and exact copy of the Escrow Analysis :**

1. **The time period on the 2002 Escrow Analysis contractually includes the time period from March 2002 through February 2003.**

2. **The dollar figures on the correct Escrow Analysis match the dollar figures on the Customer Activity Sheet as required by the Mortgage Note, Adjustable Rate Rider, the Adjustable Rate Note.**

3. **The dollar figure match the figures on the Official Customer Payment Change Notification Letter, which was generated by National City Mortgage Company on December 21, 2001 for Defendant Gaston's mortgage loan 917771-3 as required by Federal Law.**

3. **The Official Payment Change Notification Letter states "The new payment is effective with the payment due 03-01-02.  The loan interest rate may be adjusted every twelve payments, and your principal and interest every twelve payments.  The next adjustment date will be 03-01-03."  This direct quote proves that**

**there could not have been a legal payment change on October 1, 2002.**

The Plaintiffs and Defendant Gaston both signed three legal documents, both parties were aware of the terms and the language of these official documents which governed the Mortgage for the life of the mortgage loan. These three documents, **the Mortgage Note, the Adjustable Rider**, and the **Adjustable Rate Note**, meet the qualifications required of legal contracts. By signing these documents, both parties have agreed to be bound by the terms of the three documents. **The Plaintiffs breached the three Contracts when they changed the October 1, 2002 payment.** Each of the three Contracts contain a clause in the Contracts which states that the only time te mortgage payment The may be changed is March 1st of each consecutive year. March 1st **date is known as the Change Date.**

The Escrow Analysis that was submitted by the Attorneys for the Plaintiffs is clearly fraudulent. The Plaintiffs Escrow Analysis:

`1. **The dollar figure on the Escrow Analysis does not match the dollar figure on the Customer Activity Sheet for the time period, March 1, 2002 through September 2002, as required by Federal Law.**

**2. The dollar figures of the Escrow Analysis is not accompanied by a Official Payment Notification Letter as required by Law, which by**

Federal Law 12 CFR 226.20(c) must be sent,  by mail, to the mortgage payee at least 25 days prior to any change in payment to mortgage.

3.  The Plaintiffs used the fake Escrow Analysis to change the October 1, 2002 when the purpose of the October 2, 2002 Escrow Analysis is to be used with the <u>current Index, which was published on 12-16-02 to determine and establish the new mortgage payment which</u> would <u>begin on March 1, 2003.</u>

4.  The Attorneys claimed the Escrow Analysis allowed them to raise the mortgage payment because the Escrow Analysis showed there was a shortage in the Escrow Account.  Federal Law RESPA 3500.17 addresses how a mortgage servicer may collect an escrow shortage.  The Federal Law states the servicer may collect the escrow shortage in a one time lump sum by informing the mortgage payee of the shortage by mail, and giving the mortgage payee a 30 day prior notice of the date the one time payment is due.

The Plaintiffs would have been well within their rights to inform Defendant Gaston by mail that there was an escrow shortage, stated the dollar amount of that shortage and given a date that would have complied with the 30 day notice and collected the escrow shortage legally.  There is no provision in the RESPA 3500.17 Federal Law that

allows the Plaintiff to change a mortgage payment that had been set by legal Contracts that were signed by Plaintiff and Defendant.

4. Whoever prepared the fraudulent Escrow Analysis neglected to make the Escrow Analysis conform to their alleged allegations. The Plaintiffs stated they changed the payment to collect the escrow shortage. However, there is a paragraph in the fake Escrow Analysis which states (Quote)  "Unless your Mortgage Contract or State Law specifies a lower amount, under your Mortgage Contract your lowest monthly balance should not have exceeded $257.20. The Plaintiffs fake Escrow Analysis dollar figure does not match that dollar figure of  $257.20

5.   The most compelling argument that the Plaintiff's Escrow Analysis is the fact that whoever prepared the Escrow analysis is fake is the fact that the fake Escrow Analysis contains a paragraph that was copied directly from the true and correct Escrow Analysis.  It reads (Quote):  "The expected amount in your Escrow Account is 66.00, your starting balance according to this analysis should be 277.38

This means you have a shortage of 211.38.  This shortage will be collected over a period of 12 months or more unless the shortage

**is less than 1 month's deposit, in which case we have the option of requesting payment within 30 days. We have decided to collect it over twelve months." (End Quote) RESPA 3500.17 allows the Servicer to collect shortages over a period of 12 months or more. This confirms that the Plaintiff's allegation of an increase in payment on October 1, 2002 would clearly be a breach of contract of the Mortgage Note and in direct violation of Federal Law RESPA 3500'17 and 12 CFR 226.20(c** Federal Rules of Civil Procedure basically states that a party may amend their original Complaint as a matter of right before the first hearing. After that the party wishing to amend their Complaint must obtain permission from the opposing party or plead with the Court to take leave to amend their Complaint. All amendments are to be put in writing and filed with the Court clerk. The new written amendment takes precedence over the former Complaint. There is no provision for **verbally amending Complaints.** Defendant Gaston proved each of these verbal allegations were false. Finally the Plaintiffs, National City Mortgage Company, fraudulently claimed "that an Escrow Analysis was filed on October 2, 2002 and we were told and we believe that

Escrow Analysis gave us the right to change the mortgage payment
due October 2, 2002."

Federal Law prohibits illegally submitting fraudulent documents to the Court
and presenting the fraudulent documents as credible evidence.  In Rule 9 of
the Federal Rules of Civil Procedure (b) Fraud or Mistake, Condition of
Mind.

(b) In alleging fraud or mistake, a party must state with particularity the
circumstances constituting fraud or mistake, Malice, intent, knowledge, and
other conditions of a person's mind may be alleged generally.

The circumstances that constitute a fraud is that Attorneys for the Plaintiffs
submitted an altered Escrow Analysis as a true and valid Escrow Analysis
for October 2, 2002.  The Plaintiffs testified in Court that the altered Escrow
Analysis gave them the right to change the October 1, 2002 mortgage
payment.  The Plaintiffs refused to supply a copy of the true and exact copy
of the Escrow Analysis that is one of the factors that govern the Mortgage
Note.  The Plaintiff refused to comply with Defendant Gaston's request for a
copy of any written prior notice signaling a mortgage payment change
(guaranteed by the Mortgage Note Contract and required by Federal Law).
The Plaintiffs allege that a shortage in the Escrow Account gave them the

right to change the October 1, 2002 mortgage payment.  The Plaintiffs know that the RESPA 3500.17 Federal Law which governs Escrow Shortages mandate that Escrow Shortages are governed by three (3) choices available to the mortgage Servicer:

1. The Servicer may elect to ignore the shortage and do nothing about it at that time.

2. The Servicer may elect to collect the escrow shortage in one lump sum after notifying the mortgage payee in writing of the dollar amount of the Escrow Shortage and giving a 30 notice before the one time payment is due.

3. The Servicer may elect to collect the shortage over the twelve months or longer.

The Plaintiffs have fraudulently claimed their right to change the mortgage payment even though the change is a violation of Federal Law. Reluctantly giving the Plaintiffs the benefit of the doubt, this action may have been a mistake in the beginning.  Once the Federal Law governing Escrow Shortages was pointed out to the Plaintiffs, the Plaintiffs still forged ahead with their plans to illegally seize the property of Defendant Gaston.

The Plaintiffs have full knowledge that their actions are gravely harming Defendant Gaston financially and emotionally. Defendant Gaston's quality

of life has been very greatly diminished, she has spent the last 9 years trying

to obtain justice. The weight of the evidence, Federal Law, and legal

Contracts prove Defendant Gaston's claims.

It is clear that the Plaintiffs are maliciously so intent to seize Defendant

Gaston's property that they are breaking Federal Laws and breaching

binding legal Contracts. In viewing the history of the Mortgage Note

Contract, past practice shows that the Mortgage Company had always

collected any Escrow Shortages by collecting the shortages over the next

twelve months following the discovery of the Escrow Shortage.

The only alleged official documents the Plaintiffs have submitted as

evidence is their alleged Escrow Analysis. This document is flawed and

does not comply with Federal mandates. Under Rule 26 of the Federal Laws

of Civil Procedure, the Plaintiffs had the legal obligation and responsibility

of supplying any documents that support their alleged claim of the right to

change the October 1, 2002 mortgage payment. By Federal Law and the

Mortgage Note Contract written prior notice must be mailed to the mortgage

payee before a change in mortgage payment can occur.

  With copies of the Mortgage Note Contract, access to Federal 12 CFrv226-

20(c) and Federal Law 3500.17, availability to all of National City

Mortgage's the Plaintiffs could have provided the name of the person who

generated their Escrow Analysis.  Federal law mandates that the name,

address and telephone number of the person who prepared the form be given

to the mortgage payee in case the mortgage payee has any questions.

Defendant Gaston filed a 735 ILCS 735-2-1402 because the Plaintiffs :

1. Failed to follow the Rules of Discovery

2. Breached the legal Contract of the Mortgage Note

3. Violated Federal Law RESPA 3500.17

4. Violated Federal Law 12-22620(c)

5. Committed fraud as described in Illinois Statutes


Defendant Gaston pleads with the Court to undo the injustices that have

been done to her due to the Plaintiffs deliberately violating Federal Laws,

the Rules of Civil Procedure, and the Mortgage Note Contract.

Respectfully submitted,


Donna J Gaston, PRO SE

704 South Evans Street

Bloomington, Il 61701

## <u>PROOF</u> OF SERVICE

I, Donna J Gaston complied with the proof of service by

placing the contents in an envelope and mailing it at a United

States Post Office in Bloomington, Illinois and mailing it to

Scott, Heavers, Byers and Milan Law Firm  P.O. Bos

Decatur, Illinois  64525-0740


Donna J Gaston

704 South Evans Street

Bloomington, Illinois 61701

309-829-6331

14