UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA J. GASTON., | : CASE NO. 1:11-CV-01057 |
| Plaintiff, | : JUDGE MICHAEL M. MIHM |
| vs. | : |
| NATIONAL CITY BANK OF MICHIGAN/ILLINOIS AS SUCCESSOR IN INTEREST TO FIRST OF AMERICA BANK-ILLINOIS, NA, *et al.*, | : |
| Defendants. | : |

**DEFENDANT PNC BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

I.   PRELIMINARY STATEMENT

Plaintiff Donna Gaston ("Plaintiff") seeks to hold PNC Bank, National Association ("PNC") liable for a litany of alleged violations arising from the state court foreclosure action that occurred nearly eight years ago. Plaintiff's claims should be dismissed for several reasons. First, Plaintiff is a state court loser complaining of a state court judgment and seeking this Court's review of that judgment. Therefore, her claims are barred by the Rooker-Feldman doctrine. Second, Plaintiff's claims arise from the same operative facts as the foreclosure action in state court, and consequently, Plaintiff is barred by the doctrine of *res judicata* from asserting her claims. Third, Plaintiff's claims do not satisfy the pleading standard set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. For these reasons, Plaintiff's claims against PNC should be dismissed with prejudice.

II.   FACTUAL ALLEGATIONS

2

Plaintiff executed a note and mortgage dated January 10, 1995 with First of America Bank - Illinois, N.A. (See Exhibit A and C attached to Plaintiff's Amended Complaint.)[1] National City Bank of Michigan/Illinois filed its Complaint for Foreclosure in the Circuit Court in McLean County, Illinois on March 4, 2003. (See Complaint for Foreclosure, attached hereto as Exhibit 1.)[2] The Complaint alleged that Plaintiff was in default on her obligations under the note and mortgage. National City Bank of Michigan/Illinois filed a motion for summary judgment on November 4, 2003. Plaintiff subsequently filed an Amended Answer, Affirmative Defenses and Counterclaim. (See Donna Gaston's Amended Answer, Affirmative Defenses and Counterclaim attached as Ex. 2.) A Judgment of Foreclosure and Sale was entered by the Court on July 27, 2005. (See Judgment of Foreclosure Sale attached as Ex. 3.) The Court entered an Order Confirming Sale May 1, 2007. (See Order Confirming Sale attached as Ex. 4.) Plaintiff filed an appeal with the Illinois Appellate Court, which affirmed the trial court's decision on August 28, 2008. (See Order of the Illinois Appellate Court, Fourth District, Ex. 5.) Plaintiff's subsequent appeal of the trial court's dismissal of her petition for relief from judgment resulted in the same outcome on June 23, 2010. (See Order of Illinois Appellate Court, Fourth District Ex. 6.)

On February 11, 2011, Plaintiff initiated this action. She filed an amended complaint on February 28, 2011. This Court issued an order directing Plaintiff to file an amended complaint on or before July 1, 2011. Ms. Gaston filed this Amended Complaint on June 28, 2011, alleging

---

[1] A court may take judicial notice of exhibits attached to pleadings without converting the motion to dismiss into a motion for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

[2] Pleadings and orders in previous cases are public records of which the court may take judicial notice. *See Arthur Anderson LLP v. Fed. Ins. Co.*, No. 06 C 1824, 2007 U.S. Dist. LEXIS 18959 *2 (N.D. Ill. Mar. 16, 2007) (citation omitted).

claims against National City Bank of Michigan/Illinois and its attorneys Richard Heavner, J. Gregory Scott, Julie Beyers, Faiq Mihilar, James Coale, and Meredith Pitts (collectively the "Heavner Attorneys").[3] Although Plaintiff purported to issue a summons for National City, PNC was never served as the address Plaintiff included on the summons was for a post office box belonging to the law firm of Heavner, Scott, Beyers & Mihlar, LLC. Just recently, pursuant to this Court's Order, Plaintiff presented a completed summons for service on National City Bank on October 7, 2011.

In her Amended Complaint filed on June 28, 2011, Plaintiff alleges violations of the Federal False Claim Act, the Real Estate Settlement Procedures Act ("RESPA"), Section 3500.17, the Truth in Lending Act ("TILA") Section 12-CFR 12-226.20(c); violations of federal and state due process; and breach of the contract pursuant to the note and mortgage against PNC.[4]

### III. ARGUMENTS AND AUTHORITIES

#### A. Plaintiff's Claims Are Barred By The Rooker-Feldman Doctrine.

Plaintiff's Amended Complaint seeks this court's review of the state court foreclosure judgment and is barred by the Rooker-Feldman Doctrine. The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To determine whether the doctrine applies, the court must determine whether the plaintiff "seeks to set aside a state court judgment, or whether he is, in fact, presenting an

---

[3] The Heavner Attorneys were served with process and filed a Motion to Dismiss separately. In the Order dated August 4, 2011, this Court granted the Heavner Attorneys' Motion to Dismiss.

[4] Plaintiff does not assert a cause of action against PNC for fraud. To the extent Plaintiff argues she has, the claim would be barred by the doctrine of res judicata and the applicable statute of limitations.

4

independent claim." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). Federal claims that were not raised in state court or that do not on their face "require review of a state court's decision may still be subject to Rooker-Feldman if those claims are 'inextricably intertwined' with a state court judgment." *Id.* The critical inquiry for whether a claim is inextricably intertwined is whether "the district court is in essence being called upon to review the state-court decision." *Id.* citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Here, Plaintiff's claims arise out of Defendant PNC's foreclosure upon its mortgage on Plaintiff's property, which was the subject of prior state court litigation. (See Exs. 1-6.) Plaintiff's claims are inextricably intertwined with the foreclosure judgment in the prior state court proceeding because the injuries Plaintiff complains of are related to the foreclosure judgment by the state court. Her claims are not related to acts of PNC independent of the foreclosure action. Indeed, in her request for relief, Plaintiff seeks "[a]n order granting possession of her property to Donna J. Gaston" which is a request to vacate the state court's judgment of foreclosure, and therefore makes it inextricably intertwined with the foreclosure judgment. *See Taylor v. Fannie Mae*, 374 F.3d 529 (7th Cir. 2004). Accordingly, the Court lacks subject matter jurisdiction to hear these claims, and Plaintiff's claims must be dismissed.

**B.  Plaintiff's Claims are Barred by the Doctrine of *Res Judicata*.**

Even if this Court had subject matter jurisdiction over this matter, which is does not, Plaintiff's claims are also precluded by the doctrine of *res judicata*. The Seventh Circuit applies the law of the state that rendered the judgment in determining whether the matter is *res judicata*. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). The foreclosure judgment and order confirming the sale were rendered by the Circuit Court of McLean County, Illinois, and therefore Illinois law applies. Under Illinois law, *res judicata* precludes a claim when "(1) there

was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action and (3) there is an identity of parties or their privies." *Hicks*, 479 F.3d at 471 (citations omitted). Additionally, the party defending against a claim of *res judicata* must have been afforded a "full and fair opportunity to litigate his claims in state court." *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002).

In this case, each of the factors for *res judicata* is satisfied. In Illinois, an Order Confirming Sale constitutes a final judgment on the merits in a foreclosure action. *See Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 944 (7th Cir. 2005); *Conley v. Option One Mortg. Corp.*, 319 F.3d 912, 918 n.3 (7th Cir. 2002). The Circuit Court in McLean County Court entered a final judgment on the merits by issuing an Order Confirming Sale on May 1, 2007. (*See* Ex. 4.)

Second, both suits present the same identity of cause of action, which weighs in favor of finding that *res judicata* bars Plaintiff's present claims. Illinois courts employ a transactional test to determine whether the suits have an identity of cause of action. *Arlin Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). Under the transactional test:

> [S]eparate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. . . . [T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction.

*Arlin Golf*, 631 F.3d at 821 *citing River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E. 2d 883, 893 (Ill. 1998). In considering whether the transactional test is met, Illinois courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties'

expectations..." *Altair Corp. v. Grand Premior Trust & Inv., Inc.*, 318 Ill. App. 3d 57, 742 N.E. 2d 351, 355 (Ill. App. Ct. 2000).

In the state court proceedings, PNC foreclosed on Plaintiff's mortgage because she was in default of her obligations under the note. (*See* Ex. 1.) Plaintiff argued to the state court that National City Bank of Michigan/Illinois illegally attempted to collect debts that were not due and owing by her in violation of the Fair Debt Collection Practices Act 15 U.S.C. 1692 *et seq.* (See Ex. 2.) Plaintiff's current lawsuit presents claims related to the very same efforts to collect monies due and owing under the note, and alleges PNC committed violations of her rights under the federal and state constitutions, and wrongfully took possession of her property. (See Amended Complaint.)

The claims presented in Plaintiff's Amended Complaint, even if different from the previous state court action, arise from the same transaction—the state foreclosure action—and are based on the same operative facts. *See Stanley v. Hollingsworth*, 307 Fed. Appx. 6, 8 (7th Cir. 2009) (claims that lender "force placed" insurance on borrower's home was based on the same transaction as foreclosure action and borrower's claims were precluded from being considered in state court); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 944-45 (N.D. Ill. 2005) (*res judicata* precluded borrower's action where his claims arose from the same "transaction" and operative facts of the foreclosure of borrower's mortgage). Accordingly, the identity of the action is the same.

Both suits also involve the same parties or their privies. Donna Gaston was a defendant in the state court action, and National City Bank of Michigan/Illinois was the plaintiff. PNC Bank, National Association is the successor to Defendant National City Bank of

7

Michigan/Illinois through merger.[5] (See Merger Documents attached as Ex. 7.) Therefore, both actions involved the same parties or their privies.

Finally, it is clear that Plaintiff had a full and fair opportunity to litigate these issues in the state court foreclosure proceedings. Under Illinois law, a party is precluded from pursuing a sequential suit for claims actually litigated and for claims that *could* have been litigated. *Durgins v. City of E. St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001) (emphasis added). Plaintiff's alleged injuries occurred prior to the foreclosure action. Plaintiff had ample opportunity to assert these claims before the state court and failed to do so. Plaintiff's claims are barred by the doctrine of *res judicata* and should be dismissed.

### C. Plaintiff has Failed to State a Claim Upon Which Relief Can be Granted.

Finally, the Amended Complaint simply fails to state a claim against PNC. A complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to satisfy Rule 8, the court should dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under *Bell Atlantic Corp. v. Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." 550 U.S. 544, 555–56 n.3 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (the federal rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Only a complaint that states "a plausible claim for relief survives a motion to dismiss." *Ashcroft*,

---

[5] National City Bank of Michigan Illinois is successor in interest to First of America Bank Illinois. National City Bank of Michigan/Illinois changed its name to National City Bank of the Midwest. National City Bank of the Midwest merged with and into National City Bank on July 22, 2006. National City Bank merged with and into PNC Bank, National Association on November 6, 2009.

129 S. Ct. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). Based on this standard, Plaintiff's claims must be dismissed with prejudice.

### 1. PNC Cannot Be Held Liable For Alleged Violations Of The United States Constitution or the Illinois Constitution Because it is Not a State Actor.

As a general rule, the protections of the Fourteenth Amendment do not extend to the conduct of private entities. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (holding that the NCAA is not a state actor). PNC, a non-state actor, cannot be held liable for a purported violation of the U.S. Constitution without any allegation that PNC is a state actor or has taken some state action.

The protections of the Fourteenth Amendment may only extend to a private entity if the particular conduct of that private entity amounts to a "state action." *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (holding that the state is not sufficiently connected with a public utility's action of terminating service to a customer to make the conduct a "state action.") The Supreme Court has set forth several tests to determine whether a private entity's conduct constitutes state action, which the Seventh Circuit has categorized as: "(1) the symbiotic relationship test (satisfied when private and public actors carry out a public function); (2) the state command and encouragement test (satisfied when the state requires the actions of the private actor); (3) the joint participation doctrine (satisfied when the private action is the same as the state action); and (4) the public function test (satisfied when private activity is fairly attributable to the state)). *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (7th Cir. 2009).

Plaintiff does not allege that any of these tests apply here, nor does she allege any state action on the part of PNC. In evaluating whether the a private entity's conduct constitutes state

9

action, the Seventh Circuit has insisted that "'[a]ll of the tests, despite their different names, operate in the same fashion: [ ] by sifting through the facts and weighing the circumstances.'" *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 750 F.3d 811, 816 (7th Cir. 2009) (citations omitted). In this case there are no facts to sift through, as Plaintiff has wholly failed to allege that any of PNC's conduct might constitute state action. Plaintiff's claim alleging a violation of her Fourteenth Amendment Rights and Due Process must be dismissed.

Although the Illinois Constitution provides protection for due process separate from the protection under the federal constitution, the analysis of due process under the Illinois Constitution does not differ in any significant way from the due process analysis under the Fourteenth Amendment to the U.S. Constitution. *Easton v. College of Lake County*, 584 F. Supp. 2d 1069, 1077 (7th Cir. 2008). In order to assert a violation of the Illinois due process clause, "a plaintiff must allege a **state action** deprived him of a protected right, privilege or immunity." *In re Adoption of L.T.M.*, 824 N.E.2d 221, 214 Ill. 2d 60, 73 (Ill. 2005) (emphasis added). Accordingly, Plaintiff's claim alleging a violation of her due process rights under the Illinois Constitution must also be dismissed.

### 2. There is No Private Right of Action Under RESPA 12 U.S.C. § 2609.

To the extent that Plaintiff purports to state a claim for a violation of RESPA 12 U.S.C. § 2609,[6] Plaintiff's claim must be dismissed because no private right of action exists. The Seventh Circuit has held there is no private right of action under 12 U.S.C. § 2609. *See Allison v. Liberty Sav.*, 695 F.2d 1086 (7th Cir. 1982) (finding no private right of action for claims for escrow accounts under 12 U.S.C. § 2609); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937,

---

[6] Plaintiff alleges a violation of CFR 3500.17. Chapter 24 Section 3500 the Code of Federal Regulations contain the implementing regulations for RESPA and 24 C.F.R. 3500.17 mandates the procedures banks must follow in administering escrow accounts.

947-47 (N.D. Ill. 2005). And in any event, Plaintiff's claim is time-barred. *See* 12 U.S.C. § 2614 ("any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court... within 3 years in the case of a violation of section 2605 and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation.") Accordingly, Plaintiff's claim for a violation of 24 C.F.R. 3500.17 must be dismissed.

### 3. Plaintiff's TILA Claim is Barred by the Statute of Limitations.

To the extent Plaintiff alleges a claim for a violation of "TILA",[7] her claim is barred by the statute of limitations. A claim for a failure to issue a disclosure required by TILA is subject to a one-year statute of limitations which runs from the date of the violation. 15 U.S.C. § 1640. Plaintiff alleges that PNC failed to provide her with notice of the change in mortgage payment prior to the date the foreclosure was filed in 2003. Because the alleged TILA violation occurred well over a year ago, any claim for damages under TILA is barred by the statute of limitations. Consequently, Plaintiff's claim should be dismissed.

### 4. Plaintiff Failed to Plead Any Facts to Support a Claim for Violation of the Federal False Claims Act.

Plaintiff's claim alleging a violation of the Federal False Claims Act fails to meet the pleading standard required by *Twombly* and *Iqbal*. In order to prevail on a claim under the False Claims Act, a relator must prove "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant **to the United States** for payment or approval; (3) with the knowledge that the claim was false." *United States ex rel. Turner v. Michaelis Jackson & Assoc., L.L.C.*, No. 03-cv-4219-JPG, 2011 U.S. Dist. LEXIS 308 *17 (S.D. Ill. Jan. 4, 2011)

---

[7] 12 CFR 226.20 is contained in Regulation Z, the implementing regulations for TILA.

(citations omitted) (emphasis added); *see* 31 U.S.C. § 3729, *et seq.* In her Amended Complaint Plaintiff merely insists that "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval constitutes a Federal Violation." (Amended Complaint, p. 13 at ¶ QQ.) Plaintiff has completely failed to allege that any false claims were presented to a **government agency** by a presenter who knew that the claim was false, and therefore Plaintiff's claim for violation of the Federal False Claims Act must be dismissed.

## IV. CONCLUSION

Plaintiff's Amended Complaint is an attempt to relitigate the lawfulness of the foreclosure which has already been decided by the state court and is barred by both the Rooker Feldman doctrine and the doctrine of res judicata. Furthermore, Plaintiff has failed to state a claim against PNC upon which relief has been granted. For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Francis J. Pendergast III
Francis J. Pendergast III (ARDC # 3127593)
John F. Sullivan (ARDC # 6205900)
Crowley & Lamb
221 N. LaSalle St Suite 1550
Chicago, IL 60601
jsullivan@crowleylamb.com
fpendergast@crowleylamb.com

*Attorneys for Defendant PNC Bank, NA*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| DONNA J. GASTON., | : CASE NO. 1:11-CV-01057 |
|---|---|
| Plaintiff, | : JUDGE MICHAEL M. MIHM |
| vs. | : |
| NATIONAL CITY BANK OF MICHIGAN/ILLINOIS AS SUCCESSOR IN INTEREST TO FIRST OF AMERICA BANK-ILLINOIS, NA, *et al.*, | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Francis J. Pendergast, III, an attorney on oath state that I served this Notice of Filing and PNC Bank's Memorandum of Law in Support of Its Motion to Dismiss via U.S. Regular Mail to Donna J. Gaston on November 8, 2011 at or before 5:00 p.m.

/s/ Francis J. Pendergast, III
Francis J. Pendergast III (ARDC # 3127593)
John F. Sullivan (ARDC # 6205900)
Crowley & Lamb
221 N. LaSalle St Suite 1550
Chicago, IL 60601
jsullivan@crowleylamb.com
fpendergast@crowleylamb.com
Attorney for PNC Bank


*Attorneys for Defendant PNC Bank, NA*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA J. GASTON., | : CASE NO. 1:11-CV-01057 |
| Plaintiff, | : JUDGE MICHAEL M. MIHM |
| vs. | |
| NATIONAL CITY BANK OF MICHIGAN/ILLINOIS AS SUCCESSOR IN INTEREST TO FIRST OF AMERICA BANK-ILLINOIS, NA, *et al.*, | |
| Defendants. | |

## NOTICE OF FILING

To: Donna J. Gaston
704 S. Evans Street
Bloomington, Illinois 61701

PLEASE TAKE NOTICE that on November 8, 2011, we have electronically sent for filing with the Clerk of the U.S. District Court, Central District of Illinois, Defendant PNC Bank's Memorandum of Law in Support of Its Motion to Dismiss.

/s/ Francis J. Pendergast, III
Francis J. Pendergast III (ARDC # 3127593)
John F. Sullivan (ARDC # 6205900)
Crowley & Lamb
221 N. LaSalle St Suite 1550
Chicago, IL 60601
jsullivan@crowleylamb.com
fpendergast@crowleylamb.com
Attorney for PNC Bank

*Attorneys for Defendant PNC Bank, NA*